UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHANTELLE PICOU | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | SECTION |
| | * | |
| GEICO CASUALTY COMPANY | * | MAGISTRATE |
| | * | |

*****************************************************************************

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes defendant, GEICO Casualty Company, and hereby removes this action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, pursuant to 28 USC 1441, et seq.

I.

Plaintiff Chantelle Picou filed the instant suit in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana on May 22, 2023, under docket number 840-946 "E". The suit seeks recovery of damages for personal injuries sustained allegedly resulting from a motor vehicle accident of May 22, 2021, which occurred in the Parish of Jefferson, State of Louisiana. (Exhibit "A", Petition for Damages, at Paragraphs 1-7.)

II.

The only named defendant is GEICO Casualty Company, as the alleged un/underinsured motorist insurer of the plaintiff. Exhibit "A", Paragraph 6.

**DIVERSITY JURISDICTION**

III.

The instant suit is removable to this Court under 28 USC 1332 because plaintiff and defendant are citizens of different states, and the amount in controversy is greater than $75,000.00, exclusive of interest and costs.

IV.

Plaintiff Chantelle Picou is a resident of St. Tammany Parish and citizen of Louisiana. Exhibit "A", prefatory paragraph.

V.

Defendant GEICO Casualty Company is alleged to be a "foreign insurance company" (Exhibit "A" at Paragraph 1), and is in fact a corporation organized under the laws of the state of Nebraska, with a principal place of business in the state of Maryland.

**REMOVAL IS TIMELY**

VI.

The removal is timely effected by GEICO Casualty Company pursuant to 28 USC 1446(b)(1), in that it is filed within thirty (30) days after the receipt by the defendant, through service, of a copy of the petition setting forth the claim for relief upon which the proceeding is based. The petition was served on GEICO Casualty Company through its statutory agent for service of process, the Louisiana Secretary of State, on June 7, 2023. Exhibit "A" citation and transmittal.

VII.

The instant removal is also timely within the one (1) year limitation of 28 USC 1446(c)(1), in that the action was commenced by the filing of the petition on May 22, 2023. (Exhibit "A".)

**AMOUNT IN CONTROVERSY**

VIII.

In conformity with Louisiana Code of Civil Procedure Article 893, the petition of Chantelle Picou did not recite or pray for a specific monetary amount of damages. However, on or about March 8, 2022 Chantelle Picou made demand upon GEICO Casualty Company for payment of the "policy limits". Exhibit "B", "Second McDill settlement demand" correspondence dated March 8, 2022.

IX.

As evidenced by Exhibit "C", policy declarations, the "policy limits" for Uninsured Motorist Bodily Injury is $250,000 per person. Those limits are impaired by $32,663.82 of unconditional tender payments to Chantelle Picou, leaving a remaining balance UMBI policy limit of $217,336.18 in controversy in this action.

X.

In addition to the demand for policy limits, the petition filed against GEICO Casualty Company asserts entitlement to penalties for alleged arbitrary and capricious conduct with respect to settlement. Exhibit "A", at Paragraph 7 and prayer. Louisiana R.S. 22:1892 provides for applicable penalty of 50% of the difference between the amount paid or tendered and the amount found to be due, plus reasonable attorneys fees and costs.

XI.

Thus, the amount in controversy with respect to the claim of Chantelle Picou is in excess of $300,000, plus reasonable attorney fees. Since more than $75,000.00, exclusive of interest and costs, is at issue the monetary requisite of 28 USC 1332(a) is satisfied.

XII.

The demand correspondence constitutes an "other paper" pursuant to 28 USC 1446 to establish the amount in controversy for jurisdictional purposes. Chapman v. Powermatic, Inc., 969 F.2d 160 (5th Cir. 1992).

**JOINDER/CONSENT**

XIII.

There are no other defendants in the case who are required to join and/or consent to the removal.

**PLEADINGS AND PROCESS**

XIV.

Copies of all process, pleadings and orders served upon GEICO Casualty Company are attached hereto as Exhibit "A".

XV.

Written notice of removal will be given to all adverse parties in the state court, as required by 28 USC 1446(d).

**NON-WAIVER**

XVI.

This action is removed with reservation of all, and without waiver of any, exceptions or defenses, state or federal, including but not limited to vagueness, non-conformity with Federal Rule of Civil Procedure 8(a), and lack of amicable demand.

WHEREFORE, defendant GEICO Casualty Company requests that this matter be removed to the United States District Court for the Eastern District of Louisiana pursuant to 28 USC 1441, et seq.

        S/KEVIN O'BRYON
        KEVIN O'BRYON, LSBA 10151
        O'Bryon & Schnabel, APLC
        935 Gravier St., Suite 900
        New Orleans, LA 70112
        Telephone:(504)799-4200/Facsimile:(504)799-4211
        Email: kob@obryonlaw.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing has been served on all counsel of record through U.S. Mail, properly addressed and postage prepaid or by email this 3rd day of July, 2023.

        S/KEVIN O'BRYON
        KEVIN O'BRYON